IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| TaDAWN ALLEN, PRO SE, | § | |
| Previous TDCJ-CID #1102239 | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:05-CV-0237 |
| | § | |
| FBI AGENT and | § | |
| FEDERAL BUREAU OF INVESTIGATION, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff TaDAWN ALLEN, acting pro se and while an individual residing in the North Texas State Hospital in Wichita Falls, Texas, has filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).  Plaintiff alleges an unknown F.B.I. agent in the Amarillo, Texas office failed to investigate her claim that she had been repeatedly beaten while in the county jail.  Plaintiff names the F.B.I. AGENT and the FEDERAL BUREAU OF INVESTIGATION as defendants and requests monetary relief in the amount of 10% of the F.B.I. annual federal budget.

**JUDICIAL REVIEW**

Title 28, United States Code, section 1915(e)(2) provides:

> [T]he court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue;  or
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;

>>(ii) fails to state a claim on which relief may be granted; or
>
>>(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. 1915(e)(2). Thus, the very statute allowing plaintiff to proceed as a pauper also requires the Court to screen a pauper's complaint and dismiss it without service of process at any time the Court makes a determination of frivolousness, etc.[1]

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if her claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

The United States, not the Federal Bureau of Investigation is the proper-party defendant because there is no statutory authority allowing suit against the Federal Bureau of Investigation. *See, Blackmare v. Guerre*, 342 U.S. 512, 515, 72 ?S.Ct. 410, 412, 96 L.Ed. 534 (1952). Rule 15(a), Federal Rules of Civil Procedure, provides that leave to amend "shall be freely given when justice so requires, " and the general rule is that, where the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, she should be given the opportunity to test her claim on the merits. Nevertheless, in this case, amendment to name the

---

[1] This application of section 1915(e)(2) to non-prisoner pauper cases is also utilized by the First Circuit, *see, Mazzaglia v. New Hampshire*, No. 99-1997, 2000 WL 979971 (1st Cir. June 23, 2000)([i]f plaintiff was a prisoner, then 28 U.S.C. §1915A would have governed; if he was not, then §1915(e)(2)(B) would have applied."); the Fourth Circuit, *see, McLean v. Caldwell County Sheriff's Department*, No. 99-2005, 1999 WL 796420 (4th Cir. Oct. 16, 1999); the Seventh Circuit, *see, Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997)("it is true that the PLRA substantially changed 1915, not only for cases brought by prisoners, but in some respects for all indigent litigants. Under the amended version of the statute, §1915(e)(2) requires the court to dismiss if it determines (1) that the allegation of poverty is untrue, (2) that the action or appeal is frivolous or malicious, (3) that the action fails to state a claim upon which relief may be granted, or (4) that the action seeks monetary relief against a defendant who is immune from such relief."); and the Ninth Circuit, *see, Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998)(dismissal of §1983 action for failure to state a claim by former detainee against various members of the state law enforcement community affirmed).

United States as a defendant would be futile.  Plaintiff's complaint clearly alleges constitutional violations, looking to the United States Constitution for its "substantive basis;" however, the Constitution does not waive the sovereign immunity of the United States in a suit for monetary damages.  *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982).  A claim against a defendant who is immune from suit is frivolous because it is based upon an indisputably meritless legal theory.  *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).  Consequently, plaintiff's claims against the FEDERAL BUREAU OF INVESTIGATION or, if amended, against the United States, lack an arguable basis in law and are frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to defendant F.B.I. AGENT, plaintiff alleges she called and made her report on June 3, 2003, and that he submitted his report to the Dallas regional office the next day.  Plaintiff argues that the speed of preparation of the report shows the defendant did not investigate her claims.  Plaintiff alleges she "waited for a response for a month & then called back."  She also says she spoke with him on or about June 4, 2005[2].

Initially, the Court notes plaintiff's allegation that the defendant did not investigate her claims is speculative, based, as she states, merely on the speed with which he responded to her report.

Nevertheless, it appears the act or omission forming the basis of plaintiff's complaint occurred on or about June 3, 2003 and plaintiff waited a month, or until July 3, 2003 to learn of defendant's alleged failure to investigate.  Allowing the month plaintiff says she waited to hear a response still leaves this claim outside the Statute of Limitations.  The statute of limitation

---

[2]The Court notes the discrepancy in the dates provided by plaintiff.  If she had waited a month from June 3, 2003, she would have called back on or about July 3, 2003.

on a *Bivens* claim in Texas is two years. *Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998). The instant suit was filed August 19, 2005, well outside the two-year window for filing suit. Consequently, plaintiff's claim(s) against defendant F.B.I. AGENT lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915((e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED:

The referral of the instant cause to the United States Magistrate Judge is hereby withdrawn.

This Civil Rights Complaint is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail.

IT IS SO ORDERED.

ENTERED this  2nd  day of September, 2005.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE